IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| | | |
|---|---|---|
| HUBERT SEATON | § | |
| v. | § | CIVIL ACTION NO. 6:16cv1324 |
| RICHARD PATTESON, ET AL. | § | |

MEMORANDUM ADOPTING REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE
AND ENTERING FINAL JUDGMENT

The Plaintiff Hubert Seaton, proceeding *pro se*, filed this civil rights lawsuit under 42 U.S.C. §1983 complaining of alleged violations of his constitutional rights. This Court referred the case to the United States Magistrate Judge pursuant to 28 U.S.C. §636(b)(1) and (3) and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to United States Magistrate Judges. The named Defendants are Tyler Municipal Court Judge Richard Patteson and two assistant district attorneys identified as "Prosecutor 1" and "Prosecutor 2."

**I. Background**

Seaton complains that an illegal arrest warrant was issued, the State deliberately refused to notify him of the trial date in retaliation for his not dropping an illegal prosecution complaint, his appeal request was not granted, and the State had no legal right to harass or prosecute him. This resulted in an "illegal Class C felony charge" being brought against him.

For relief, Seaton asked that the failure to appear charge be dismissed, all convictions from the Tyler municipal court overturned, an investigation ordered into the illegal actions of the State and the municipal court, and for actual and punitive damages of $5,000,000.00.

**II. The Report of the Magistrate Judge**

After review of the pleadings, the Magistrate Judge issued a Report recommending that the lawsuit be dismissed as frivolous and for failure to state a claim upon which relief may be granted.

1

The Magistrate Judge stated that Judge Patteson had absolute immunity from monetary damages for actions taken in his judicial capacity, and the prosecutors had absolute immunity from monetary damages for actions taken in their prosecutorial capacities for actions taken in the course of initiating, investigating, and pursuing a criminal prosecution.

The Magistrate Judge also observed that to the extent Seaton complained of the legality of his conviction, his claim sounds in habeas corpus, but he does not allege nor do Smith County judicial records reflect that his claims have been exhausted through the appropriate state courts, meaning his lawsuit cannot be construed as an application for the writ of habeas corpus. The Magistrate Judge further stated that Seaton cannot challenge the validity of a criminal conviction or seek the overturning of a criminal conviction through a civil rights lawsuit.

### III. Seaton's Objections

In his objections, Seaton asserts that "there is no absolute immunity where (1) the State lacks legal jurisdiction (2) where a criminal act is alleged." He maintains that "the Court has not looked at the evidence and therefore cannot judge the validity of the complaint without being prejudicial against the Plaintiff."

The Supreme Court has held that judicial immunity is not overcome by allegations of bad faith or malice, and immunity applies even when the judge is accused of acting maliciously or corruptly. Judicial immunity is overcome only in two sets of circumstances - where the judge is not acting in his judicial capacity, or where the judge acts in the "complete absence of all jurisdiction." *Mireles v. Waco*, 502 U.S. 9, 11, 112 S.Ct. 286, 116 L.Ed.2d 9 (1991).

The Fifth Circuit broadly construes the term "jurisdiction," explaining that where a court has some subject matter jurisdiction, this is sufficient jurisdiction for immunity purposes. *Kemp ex re. Kemp v. Perkins*, 324 F.App'x 409, 2009 WL 1259024 (5th Cir., May 7, 2009), *citing Adams v. McIlhaney*, 764 F.2d 294, 297 (5th Cir. 1985). If a judge does not clearly lack all subject matter jurisdiction, he does not clearly lack all jurisdiction. *Holloway v. Walker*, 765 F.2d 517, 523 (1985); *Bradley v. Fisher*, 80 U.S. (13 Wall.) 335, 352, 20 L.Ed. 646 (1871).

Seaton offers nothing to suggest that Judge Patteson or the Tyler Municipal Court lacked all subject matter jurisdiction over the case in which he was convicted. His contention that immunity does not apply "where a criminal act is alleged" lacks support in the law. Seaton does not specifically mention the prosecutors in his objections and his allegations are insufficient to overcome prosecutorial immunity in any event. Seaton's objections are without merit.

## III. Conclusion

The Court has conducted a careful *de novo* review of those portions of the Magistrate Judge's proposed findings and recommendations to which the Plaintiff objected. *See* 28 U.S.C. §636(b)(1) (district judge shall "make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made.") Upon such *de novo* review, the Court has determined the Report of the Magistrate Judge is correct and the Plaintiff's objections are without merit. It is accordingly

**ORDERED** the Plaintiff's objections are overruled and the Report of the Magistrate Judge (docket no. 7) is **ADOPTED** as the opinion of the District Court. It is further

**ORDERED** the above-styled civil action is **DISMISSED WITH PREJUDICE** as frivolous and for failure to state a claim upon which relief may be granted. This dismissal is without prejudice as to the Plaintiff's right to challenge his conviction by any lawful means. It is further

**ORDERED** any and all motions which may be pending in this civil action are hereby **DENIED**.

**So ORDERED and SIGNED this 3rd day of May, 2017.**

_____
Ron Clark, United States District Judge